**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRENDA SIMS,

    Plaintiff,

  v.                                                Case No. 16-11381

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                                 /

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, AND RESOLVING MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Brenda Sims brings this social security appeal to challenge the administrative law judge ("ALJ")'s denial of her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and Supplemental Security Income Benefits ("SSI") under Title XVI, 42 U.S.C. § 1381 *et seq.* (Dkt. # 4.) The matter has been referred to Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(B)(3). The parties have filed cross motions for summary judgment. (Dkt. ## 11, 13.) The magistrate judge has filed a report and recommendation (Dkt. # 14) finding substantial evidence for the ALJ's determination and recommending that the court grant Defendant's motion and, accordingly, deny Plaintiff's. Now before the court is Plaintiff's objections to the magistrate judge's report and recommendation, (Dkt. # 15), to which Defendant has filed a response (Dkt. # 16.)

The filing of timely objections to an R&R requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); see also *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Plaintiff does not identify what she believes to have been errors in the magistrate judge's reasoning. In her first objection, Plaintiff raises the same complaints about the ALJ's reasoning brought to the magistrate judge, and does not address the magistrate judge's reasoning at all. (Dkt. # 15, Pg. ID 821-24.) Plaintiff's second objection simply states that "botht he ALJ and the Magistrate Judge misconstrued medical evidence and testimony that ultimately[] resulted in an inadequate determination . . . ." (*Id.* at Pg. ID 824.) But, again, Plaintiff does not specifically identify any of the magistrate judge's analysis; she simply recasts the arguments presented to the magistrate judge as

objections. Plaintiff's failure to "identify any specific errors in the magistrate judge's objections that, if corrected, might warrant a different outcome[] is tantamount to an outright failure to lodge objections to the [report and recommendation.]" *Wallace v. Comm'r of Soc. Sec.*, 2016 4409062, at *2 (E.D. Mich. Aug. 19, 2016) (Cleland, J.) (citation omitted). Accordingly, Plaintiff has waived any objections. *See id.*

Nevertheless, the court must review the report and recommendation. In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that

error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

The court has reviewed the magistrate judge's report and recommendation and finds it to be thorough, well-reasoned, and correct. Accordingly,

IT IS ORDERED that Plaintiff's objections to the report and recommendation (Dkt. # 15) are DENIED. The report and recommendation (Dkt. # 14) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (DKt. # 13) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Dkt. # 11) is DENIED.

                                                  s/Robert H. Cleland                /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 13, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2017, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                    /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522